**LEWIS**
AND
**ROCA**
——LLP——
L A W Y E R S

40 North Central Avenue
19th Floor
Phoenix, Arizona 85004-4429

Stephen M. Bressler, State Bar No. 09032
    Direct Dial: (602) 262-5376
    Direct Fax: (602) 734-3742
    EMail: SBressler@LRLaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Franklin Buchanan, | No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| Metropolitan Life Insurance Company; and Does 1 to 10, | |
| Defendants. | |

Defendant Metropolitan Life Insurance Company ("MetLife") removes this action from Maricopa County Superior Court in accordance with 28 U.S.C. §§ 1331, 1332, 1441 and 1446, 29 U.S.C. § 1132(e), and LRCiv 3.7.

**A.    Introduction.**

1.    Decedent Thomas A. Abbott ("Abbott") was employed by American Express.

2.    American Express sponsored and maintained an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, for the benefit of its eligible employees.

3.    MetLife issued to American Express a group insurance policy to fund basic life, supplemental life, and accidental death and dismemberment benefits under the Plan.

4.    Abbott was a Plan participant.

5.    Abbott designated plaintiff as the sole primary beneficiary for these coverages.  (*See* Complaint ¶ III)

LEWIS
AND
ROCA
— LLP —
L A W Y E R S

Case 2:10-cv-00103-JAT   Document 1   Filed 01/19/10   Page 2 of 4

**B.      Subject Matter Jurisdiction Under ERISA.**

6.      Plaintiff filed this lawsuit in the Maricopa County Superior Court on December 16, 2009.

7.      He pled a state law claim for breach of contract.

8.      ERISA provides plaintiff with his exclusive remedy at 29 U.S.C. §1132(a)(1)(B).

9.      ERISA governs, and preempts, any state law claim that relates to an ERISA-governed benefit plan.  *See* 29 U.S.C. § 1144(a) ("the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan").  *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54-57 (1987).

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132(e) and (a)(1)(B).

11.      Because Plaintiff's claims relate to an employee benefit plan, this case may be removed under the "complete preemption" doctrine.  This doctrine is an exception to the well-pleaded complaint rule.  Under the doctrine, a defendant may remove a case under ERISA even if the complaint does not mention ERISA.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

**C.      Diversity Jurisdiction.**

12.      The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

13.      There is complete diversity of citizenship.

14.      Plaintiff alleges he is a resident of Maricopa County, Arizona. (Complaint ¶ 1).

15.      Defendant MetLife is incorporated in New York and also has its principal place of business in that state.  MetLife is therefore a citizen of New York for purposes of removal.  *See* 28 U.S.C. § 1332(c)(1).

16.      The complaint names as defendants several fictitious parties (Does 1 to 10).  For purposes of removal, this Court must disregard the citizenship of the fictitious



defendants. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

17. The basic and supplemental life benefits exceed $75,000.

18. This Court has diversity jurisdiction under 28 U.S.C. § 1331. That makes this case removable under 28 U.S.C. § 1441(a) (stating, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

**D.    This Removal is Timely.**

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) (stating that a case must be removed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .").

20. Metropolitan Life Insurance Company was served with a copy of the summons and complaint on December 22, 2009.

**E.    MetLife Has Met All Other Requirements For Removal.**

21. MetLife has satisfied the other requirements for removal under 28 U.S.C. § 1446 and LRCiv 3.7.

22. MetLife has provided a copy of this Notice of Removal to the Plaintiff and has filed a copy of the Notice of Removal with the Clerk of the Superior Court of Arizona in Maricopa County, as required by 28 U.S.C. § 1446(d) and LRCiv 3.7. **Exhibit A** is a copy of the notice that Defendant filed with the Superior Court.

23. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.7, MetLife has attached copies of all pleadings and other documents that were previously filed with the Superior Court. **Exhibit B** is a copy of these documents.

24. **Exhibit C** is attorney Stephen M. Bressler's verification that, to the best of his knowledge and belief, Exhibit B contains true and complete copies of all documents

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1     filed in the state court proceeding.

2         DATED this 19th day of January, 2010.

3                      LEWIS AND ROCA LLP

4

5             By    */s/Stephen M. Bressler*

6                 Stephen M. Bressler
                Attorneys for Defendant

7

8                  **CERTIFICATE OF SERVICE**

9         I hereby certify that on January 19, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

10         I hereby further certify that on January 19, 2010, I served the attached document

11     by U.S. mail to:

12                      Howard R. Gaines

13             Law Office of Howard Gaines
                 3200 N. Central Avenue

14                      Suite 2350
                   Phoenix, AZ  85012

15                    *Attorney for Plaintiff*

16                   */s/Michelle T. Gallegos*

17

18

19

20

21

22

23

24

25

26

27

28